UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| J. TRENT MOSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-2083 (HHK) |
| | ) | |
| UNITED STATES MARSHALS SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.   Before the court is defendant's motion for summary.  Upon consideration of the motion, the opposition thereto, and the summary-judgment record, the court concludes that the motion must be granted.

**I.   BACKGROUND**

On July 8, 1999, plaintiff made a request of the United States Marshals Service ("USMS") for "any investigative reports, notes, or memos that had my name in them between January 1993 through June 1993, in regards to an investigation by the [USMS] to my location for questioning alleged `threats' against District Judge Clark.  I am seeking the results of that investigation any other materials related to [these] reports." Defendant's Motion for Summary Judgment ("Deft's Mot"), Declaration of Shaaron L. Keys ("Keys Decl."), Exhibit ("Ex.") A.  On August 6, 1999, the USMS informed plaintiff that it had no records responsive to his request. *Id.*, Ex. E.  Plaintiff filed an

appeal to the Office of Information and Privacy ("OIP") at the Department of Justice. *Id.*, Ex. F. On September 15, 1999, he was informed that he could not appeal because no documents were found responsive to his request. *Id.*

On January 20, 2003, plaintiff made a second FOIA request, this time for "a copy of any and all reports, interoffice memos, files of investigation and any documents that your agency has with my name included, from the years of 1992 to the present year of 2003. All records from Springfield Missouri area and any other locations." *Id.*, Ex. G. On April 8, 2003, the USMS advised plaintiff that it had located 111 pages of documents responsive to his request, *Id.*, Ex. I, and released 70 pages in full and 23 pages with redactions pursuant to FOIA Exemptions 7 (C) and 7(E). Keys Decl., ¶ 13 & Ex. I. The USMS withheld 7 pages in their entirety under the same exemptions and referred 11 pages to the Bureau of Prisons ("BOP") for processing. *Id.*

Plaintiff appealed to OIP on April 14, 2003. *Id.*, Ex. J. OIP affirmed the USMS's decision on December 22, 2003. *Id.*, Ex. K. The USMS released one additional document to plaintiff on March 1, 2004, with information redacted pursuant to Exemption 7 (C). *Id.*, Ex. L. This decision was appealed by plaintiff on March 9, 2004. *Id.*, Ex. M. Prior to the disposition of the appeal, plaintiff filed this action on December 1, 2004. Complaint ("Compl."). On February 25, 2005, the USMS notified plaintiff that 18 pages of documents had inadvertently not been sent for processing. Key Decl., Ex. N. Those pages were disclosed by the USMS to plaintiff in part, with information withheld pursuant to Exemption 7 (C).

## II.  STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

When a party confronts a motion for summary judgment he must do more than merely show that a factual dispute separates the parties. Rather, the party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

### III. ANALYSIS

A. Adequacy of the Search

To obtain summary judgment on the issue of the adequacy of its records search, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted

4

a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)(*citing Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "If the requestor produces countervailing evidence placing the sufficiency of the identification or retrieval procedures in issue, summary judgment is inappropriate." *Spannaus v. Central Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993)(*citing Church of Scientology* v. *National Security Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979). It is plaintiff's burden

in a challenge to the adequacy of an agency's search to present evidence rebutting the agency's initial showing of a good faith search. *See Maynard v. CIA*, 986 F.2d 547, 560 (2d Cir. 1993); *Weisberg*, 705 F.2d at 1351-52. Mere speculation as to the existence of records not located in the agency's search does not undermine the adequacy of the search. *See Weisberg*, 745 F.2d at 1485 (focus of court's inquiry is on reasonableness of search, not whether undisclosed records may exist).

The search here was adequate. The USMS searched for records in the Western District of Missouri office, the location identified in plaintiff's request. Keys Decl., ¶ 11. The agency utilized the Prisoner Processing and Population Management/Prisoner Tracking System and the Warrant Information Network systems of records. *Id.*, ¶ 12. The USMS maintains records in these systems in connection with the receipt, processing, transportation and custody of prisoners, the execution of arrest warrants, and the investigation of fugitives. *Id.* The USMS also searched in the Inappropriate Communciations/Threat Information System ("IC/TIS"). *Id.*, ¶ 15. The IC/TIS files cover threats made to individuals protected by the USMS, threats to USMS employees and federal buildings, and threats made to private individuals that are maintained by local law enforcement agencies. *Id.*, ¶ 16. Based on supplemental information provided by plaintiff, the USMS searched IC/TIS records in the Western District of Oklahoma office. *Id.*, ¶ 21; Ex. C.

It is apparent from the declaration submitted by the agency representative that defendants have made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby v. Dep't of the Army*, 920 F.2d at 68). No more is required.

### B. Exemption 7(C)

Defendant relies on FOIA Exemption 7(C) to justify withholding the names of law

enforcement personnel, names and information pertaining to an individual under the protection of the USMS, and the names and information pertaining to third parties. Keys Decl., ¶ 22. Exemption 7 (C) of the FOIA protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure " could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C).

The names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from disclosure for the reasons defendant asserts here. *See Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. at 779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). "Exemption 7 (C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C.Cir.1990)) (other citation and internal quotation marks omitted); *see also Computer Professionals for Social Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)").

Once a privacy interest is identified under Exemption 7 (C), the FOIA records requestor must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Favish*, 541 U.S. 157, 172 (2004). The requestor must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might

7

have occurred. *Id.* at 174. The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991). It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir.1975)).

Plaintiff has not asserted any public interest to outweigh the privacy interests of the individuals in the USMS's records. Therefore, the information was properly withheld.

### C. Exemption 7(E)

Defendant also withheld records under Exemption 7(E). That exemption protects from disclosure information compiled for law enforcement purposes where release of the information "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. §552(b)(7)(E). Thus, for information to be properly withheld under this exemption, a court must find that (1) the information was compiled for law enforcement purposes; and (2) release of the information could reasonably be expected to circumvent the law. *FBI v. Abramson*, 456 U.S. 615, 622 (1982); *Edmonds*, 272 F.Supp.2d at 56.

Under this exemption, the USMS withheld its administrative and operational guidelines and procedures. Keys Decl., ¶ 24. This information facilitates monitoring investigations, the flow and maintenance of investigative records, and aids in detecting and apprehending fugitives. *Id.* The agency asserts that disclosure of this information would provide assistance to persons

threatening individuals and property protected by the USMS and allow fugitives to avoid apprehension.  *Id.*, ¶ 25 & ¶ 26.

The Court finds that the information withheld was compiled for law enforcement purposes and that disclosure of the records would be reasonably expected to lead to circumventions of the law.  Defendant properly withheld the documents under Exemption 7(E).

D.  Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  A court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof."  *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology  v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

Having reviewed the agency's declaration, the Court concludes that defendant has withheld only the records or portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released.  *See* Keys Decl., ¶ 29.  With respect to these records, the agency declaration and Vaughn index adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

## IV. CONCLUSION

For the foregoing reasons defendant's motion for summary judgment is granted. An appropriate order accompanies this Memorandum Opinion.

HENRY H. KENNEDY, JR.
United States District Judge

DATE: August 31, 2005